IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 08-99-GMS |
| JAMES E. LIGUORI, ) | |
| LIGUORI MORRIS & YIENGST; ) | |
| WACHOVIA BANK NA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

### I. INTRODUCTION

On February 14, 2008, the plaintiff, Shawn Wright ("Wright"), filed this lawsuit against James E. Liguori; the law firm of Liguori, Morris and Yingst (together, the "Liguori defendants"); and Wachovia Bank N.A. ("Wachovia"). In his complaint, Wright claims damages in the amount of $828,000. It appears from the allegations in his complaint that he is asserting a claim of legal malpractice against the Liguori defendants and a claim of negligence against Wachovia. Presently before the court are four motions: the Liguori defendants' motion to dismiss for failure to state a claim and for lack of jurisdiction over subject matter (D.I. 31); Wright's motion for summary judgment (D.I. 37); Wachovia's motion to dismiss for failure to state a claim (D.I. 42); and Wright's motion for entry of default judgment as to Wachovia (D.I. 46). For the reasons that follow, the court will grant the Liguori defendants' motion to dismiss based on a lack of subject matter jurisdiction; and deny Wachovia's Motion to Dismiss, Wright's motion for summary judgment, and Wright's motion for entry of default judgment.

## II. FACTUAL BACKGROUND

Plaintiff, Shawn Wright, is a Delaware citizen presently incarcerated in a federal correctional facility in New Jersey. (D.I. 43 at 7.) The plaintiff's complaint stems from his November 3, 2003 arrest for distribution of cocaine. (D.I. 31 at 6.) Following the arrest, $18,240 in cash was seized from Wright's home. (*Id.*) After receiving notice of this seizure on December 30, 2003 (*id.*), Wright hired James Liguori, of Liguori, Morris and Yiengst to represent him in this matter. (D.I. 33 ¶ 3.) On February 23, 2004 Wright was notified that two Wachovia bank accounts, totaling $1,109.33 and $31,852.38 were seized on January 9, 2009. (D.I. 31 at 6.) Wright was later notified that a third Wachovia account, totaling $31,553.78, was seized on March 1, 2004. (*Id.*)

In Wright's complaint, he alleges that James Liguori failed to submit a "verified statement of interest" regarding his seized finances and failed to answer the summons and complaint in an appropriate time. (D.I. 2.) After the deadlines passed for filing a "verified statement of interest" (the last of three deadlines was on May 17, 2004), the United States filed a complaint *in rem* seeking forfeiture of the three Wachovia accounts. (D.I. 31 at 6.) Subsequent to Liguori's alleged inaction, Wright filed a civil complaint against Liguori on April 19, 2007 for ineffective assistance of counsel which was dismissed because it was mistakenly filed under a statute that pertained only to federal employees. (D.I. 33 ¶ 14.) On February 14, 2008, Wright filed his present complaint for legal malpractice, seeking damages in the amount of $750,000. (D.I. 31 at 7.) Wright also filed a complaint against Wachovia for negligent conduct regarding the money seized from his accounts. (D.I. 2 at 3.) Service of the complaint on Wachovia was not effected until October 24, 2008. (*See* D.I. 38.)

### III. STANDARD OF REVIEW

#### A. Subject Matter Jurisdiction

It is the duty of the court to ensure that it has subject matter jurisdiction over a particular lawsuit. *See, e.g., N. Mich. Hospitals, Inc. v. Health Net Fed. Services, LLC*, C.A. No. 07-039 GMS, 2008 WL 2233964 at *3 (D. Del. May 30, 2008). Pursuant to Rule 12(b)(1), the court should dismiss if it lacks subject-matter jurisdiction over the complaint. Fed. R. Civ. P. 12(b)(1). Challenges to subject-matter jurisdiction under 12(b)(1) may be facial or factual in form: facial attacks contest the sufficiency of the pleadings, while factual attacks contest the existence of subject-matter jurisdiction in fact. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). For a facial attack, the court must consider the complaint's allegations as true and draw all reasonable inferences in the plaintiffs favor. *Id.* Conversely, for a factual attack, the trial court does not presume those allegations to be true, and is free to weigh evidence relating to jurisdiction to satisfy itself as to the existence of its power to hear the case. *Id.* Since the claims in the plaintiff's complaint involve no federal questions, Wright appears to base his assertion as to the court's jurisdiction in this matter on diversity of citizenship, 28 U.S.C. § 1332. A party's citizenship for diversity is determined by domicile when the party is an individual. *E.g., Ad Hoc Comm. of Equity Holders of Tectonic Network, Inc. v. Wolford*, 554 F. Supp. 2d 538, 547-48 (D. Del. 2008). In determining an individual's domicile, "a prisoner retains the domicile that he had at the time of his incarceration and may not claim a change of domicile by virtue of his incarceration." *Wright v. Redding*, 408 F. Supp. 1180, 1182 (E.D. Pa. 1975).

### B. Motion to Dismiss Under 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (citations omitted). A complaint does not need detailed factual allegations, although "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Wright proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

### C. Motion for Entry of Default Judgment

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter...the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving

and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. *D'Alessandro v. Progressive N. Ins. Co.*, C.A. No. 06-548-GMS, 2008 WL 4276201 *2 (D. Del. Sept. 17, 2008). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Id.*

## IV. DISCUSSION

### A. The Liguori Defendants' Motion to Dismiss

The claims against the Liguori defendants must be dismissed because diversity of citizenship does not exist between Wright and either of the Liguori defendants. Thus, the court does not have subject matter jurisdiction over those claims. Shawn Wright admitted in a letter to the court that both James Liguori and the law firm of Liguori, Morris and Yiengst are citizens of Delaware. (*See* D.I. 6. ("My claims are against Jim Liquori (sic) and the law firm of Liquori (sic), Morris and Yiengst who are citizen (sic) of Delaware.")) Furthermore, Shawn Wright admitted in the same letter that he is also a citizen of Delaware, stating that "[t]hough my residence is New Jersey by way of incarceration, I file my complaint as a citizen of Delaware." (*Id.*) Since no diversity of citizenship exists between Wright and the Liguori defendants, and since no other bases of jurisdiction appear on the face of the complaint, the court will dismiss the claims against the Liguori defendants for lack of subject matter jurisdiction.[1]

---

[1] Wachovia does not contend that it is a citizen of Delaware nor does it appear to contend that the court otherwise lacks subject matter jurisdiction over this dispute, and the court is not aware of any basis for dismissing the claim against Wachovia for lack of subject matter jurisdiction. The plaintiff seeks damages of $750,000 (D.I. 2 at 3.), exceeding the $75,000 minimum requirement for diversity jurisdiction. *See* 28 U.S.C. 1332(a). Thus, the claims against Wachovia do not fail for lack of subject matter jurisdiction.

### B. Wright's Motion for Summary Judgment

On October 24, 2008, Wright filed a Motion for Summary Judgment. (D.I. 37.) The motion appears to be directed entirely at the Liguori defendants; in fact, Wachovia is not mentioned at all in Wright's motion. The motion was served only on counsel for the Liguori defendants, and not on counsel representing Wachovia. (*See id.*) Thus, the court construes this motion for summary judgment as being directed only at the Liguori defendants.[2] Since the court is dismissing the claims against the Liguori defendants for lack of subject matter jurisdiction, it will deny Wright's motion for summary judgment as moot.

### C. Wachovia's Motion to Dismiss

A federal court must apply the substantive laws of its forum state in diversity actions, and these include state statutes of limitations. *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). Delaware law controls in this purported diversity action, and it mandates that a claim of this type be brought no later then "3 years from the accruing of the cause of such action." 10 Del. C. § 8106. There are several circumstances, however, that may toll the statute of limitations: (1) The plaintiff is misled by the defendant regarding his cause of action; (2) the plaintiff is prevented from filing a claim due to certain extraordinary supervening circumstances; and (3) the plaintiff files a claim in a timely manner, but in the wrong forum. *Gills v. Taylor*, 626 F. Supp. 2d 462, 467 (D. Del. 2009). Examples of supervening circumstances which may prevent the filing of a claim are "imprisonment, new legislation, and duress." *Mergenthaler v. Asbestos Corp. Of Am.*, 500 A.2d 1357, 1363-64 (Del. Super. 1985).

---

[2] This seems reasonable since neither the complaint nor the motion for summary judgment had been served upon Wachovia at the time Wright's motion was filed. (*See* D.I. 37, D.I. 38.)

6

The pleadings do not provide the court with sufficient information to determine whether Wright has met the filing deadline. Under the liberal standard of review given to *pro se* complaints at the motion to dismiss stage, Wright must be given the benefit of the doubt with regard to whether his imprisonment or other circumstances tolled the statute of limitations for a sufficient time to render timely his filing of the complaint in the instant case. Thus, the court will not dismiss Wright's complaint as untimely at this time.

The allegations in Wright's complaint otherwise appear sufficient to survive a motion to dismiss on 12(b)(6). In order to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004) (internal quotations and citation omitted). All allegations in the complaint must be viewed "in the light most favorable to the plaintiff." *Id.* In his complaint, Wright alleges – if somewhat inartfully – that Wachovia acted negligently when his accounts were subpoenaed. (D.I. 2 at 3.) Wright's complaint further alleges that he was not notified immediately regarding the seizure of his accounts. (*Id.*) Viewed in its most favorable light, Wright's allegations against Wachovia are sufficient to survive a Motion to Dismiss under 12(b)(6).

D. **Wright's Motion for Default Judgment**

Service of process on Wachovia was not effected until October 24, 2008. (*See* D.I. 38). Wachovia filed its motion to dismiss on November 13, 2008. (*See* D.I. 42.) This filing was made within the twenty-day time frame required by Federal Rules of Civil Procedure. Fed. R. Civ. P. 12 (a)(1)(A)(i). The court sees no basis for entering default judgment against Wachovia – a point

that Wright himself appears to have conceded.[3] Thus, the court will deny Wright's motion for entry of default judgment.

## V. CONCLUSION

For the aforementioned reasons, the court concludes that Wright has properly stated a claim for damages resulting from Wachovia's alleged negligence regarding his checking account and mutual funds. The court further concludes that Wright's claim against the Liguori defendants will be dismissed for lack of subject matter jurisdiction. Finally, Wright's motion for entry of default judgment against Wachovia will be denied.

Dated: September 30, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

---

[3] In a letter to the court dated December 16, 2008, Wright stated that he had not received a copy of Wachovia's complaint and that "knowledge of them answering of the complaint changes things." (D.I. 48.) In a letter to Wachovia of that same date, Wright similarly stated that "knowledge of your motion for dismissal changes things." (*See* D.I. 49.)

8

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN WRIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) C.A. No. 08-99-GMS<br>JAMES E. LIGUORI, )<br>LIGUORI MORRIS & YIENGST; )<br>WACHOVIA BANK NA, )<br>)<br>Defendants. )<br>) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. Liguori's motion to dismiss based upon lack of jurisdiction over the subject matter (D.I. 31) is GRANTED.

2. Defendants James E. Liguori and Liguori Morris and Yiengst are DISMISSED.

3. Wright's Motion for Summary Judgment (D.I. 37) is DENIED AS MOOT.

4. Wachovia's Motion to Dismiss for failure to state a cause of action (D.I. 42) is DENIED.

5. Wright's Motion for Entry of Default Judgment against Wachovia (D.I. 46) is DENIED.

Dated: September 30, 2009

CHIEF, UNITED STATES DISTRICT JUDGE